UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT CHARLES SMITH II,

Plaintiff,

v.

BRIDGECREST CREDIT COMPANY, LLC, ZANE'S INCORPORATIONS, EVA G, and MICHAEL GONZALES,

Defendants.

Case No. 2:25-cv-00004-MMD-EJY

**ORDER**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted. Plaintiff's Complaint fails to state a claim as presently drafted. Leave to amend is granted below.

**I. Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Plaintiff's Complaint

Plaintiff's Complaint, also titled a Motion for Summary Judgment, identifies four defendants including Bridgecrest Credit Company, LLC ("Bridgecrest"), Zane Incorporation ("Zane"), and Eva G. and Michael Gonzales (each individual alleged to be associated with Bridgecrest). ECF No. 1-1 at 1-2. Plaintiff states he is a resident of Clark County, Nevada; however, Plaintiff does not identify the citizenship of any defendant. *Id*.

After providing a timeline of events, Plaintiff lists five causes of action. *Id.* at 2-3. These include breach of contract, wrongful repossession, violations of the Fair Debt Collection Practices

Act ("FDCPA"), violations of the Fair Credit Reporting Act ("FRCA"), and fraud and misrepresentation. *Id*. The only facts alleged to support these claims are as follows: (1) Plaintiff purchased a vehicle through Carvana in August 2022; (2) Carvana was the original creditor; (3) subsequently, "Plaintiffs account" reflected a zero balance in September and November 2022; (4) in June and July 2024 Plaintiff sent letters of dispute to Bridgecrest; (5) Plaintiff's car was repossessed in August 2024 by Zane; (6) Plaintiff demanded the return of his car in August 20024; (7) Bridgecrest reported a charge-off damaging Plaintiff's credit in August 2024; (8) Plaintiff sent letters to the Consumer Financial Protection Bureau ("CFPB") in August and October 2024; (9) Bridgecrest sold Plaintiff's car in October 2024; (10) "A third complaint was filed requesting vehicle replacement and … damages" in November 2024; and (11) another "complaint was filed" with the CFPB in December 2024. *Id*. at 2.

A. <u>The Fair Debt Collection Practices Act</u>.

To state a claim under the FDCPA, a plaintiff must allege: (1) the plaintiff is the object of debt collection activity; (2) the debt at issue is a consumer debt; (3) the defendant is a debt collector as defined by the FDCPA; and (4) the defendant has engaged in an act or omission prohibited by the FDCPA. *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp.2d 1051, 1057 (C.D. Cal. 2009). Liberally construed, Plaintiff's claims appear to arise under 15 U.S.C. § 1692f(6), which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt … [and] (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." Here, although Plaintiff says Defendants' conduct of repossession was "unlawful"; he alleges no facts demonstrating Defendants' conduct was oppressive, fraudulent or malicious. Therefore, Plaintiff does not state a cause of action under § 1692f(6).

Plaintiff also identifies 15 U.S.C. § 1692g under the FDCPA alleging he sent letters to Bridgecrest that were not "adequately addressed." ECF No. 1-1 at 2. These facts do not demonstrate Bridgecrest violated the debt validation procedure set forth in § 1692g. Plaintiff also does not allege

sufficient facts to meet the notice pleading requirements of Rule 8(a) because he does not allege sufficient facts regarding Bridgecrest or any other defendant as a debt collector under 15 U.S.C. Section 1692a(6). Accordingly, Plaintiff fails to state a claim under the FDCPA. *Banks v. HomeEq Servicing*, Civil No. 09cv1197-L(POR), 2010 WL 1009998, at *3 (S.D. Cal. Mar. 18, 2010).

B. The Fair Credit Reporting Act.

Plaintiff attempts to assert a claim for failure to properly investigate and correct inaccuracy under the FCRA. To state a claim for failing to investigate, arising under the FCRA (15 U.S.C. § 1681i(a)(5)), a plaintiff must allege facts supporting his allegations that a defendant's investigation of the disputed account was unreasonable. *Berberyan v. Asset Acceptance, LLC*, Case No. CV 12-4417-CAS (PLAx), 2013 WL 1136525, at *5 (C.D. Mar. 18, 2013). *See also Mestayer v. Experian Information Solutions, Inc.*, Case Nos. 15-cv-3645-EMC; 15-cv-3650-EMC, 2016 WL 631980, at *4 (N.D. Cal. Feb. 17, 2016) (dismissing FCRA claims that a furnisher failed to reasonably investigate the disputed account information where the plaintiff alleged the furnisher had failed to review relevant information rendering its investigation unreasonable but offered no factual support for the allegations). "Plaintiff must allege at least some facts that could support a plausible claim that defendant acted unreasonably in carrying out its investigation." *Berberyan*, 2013 WL 1136525, at *5. Plaintiff's facts do not assert what, if any, investigation one or more Defendant did or did not do and how that investigation was unreasonable. Thus, Plaintiff does not state a claim under § 1681(a)(5) of the FCRA.

To state a claim that a credit reporting agency violated FCRA Section 1681e(b), also alleged in Plaintiff's Complaint, a plaintiff must allege facts giving rise to the reasonable inference that his consumer report contains inaccurate information and that the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). More specifically, a plaintiff must sufficiently allege a defendant prepared a report containing inaccurate information. *Id*. Information is inaccurate if it is either "patently incorrect" or "materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). Information is "materially misleading" if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id*. Plaintiff

fails to state a claim under Section 1681e(b) because his Complaint does not adequately allege inaccuracy. Plaintiff fails to allege decipherable facts demonstrating he was not subject to the charges reported. ECF No. 1-1 at 2. Plaintiff does not allege what was inaccurate on his credit report, but instead says there was a zero balance after which he says he sent a formal dispute letter. There are no decipherable facts alleged explaining what the credit report said or why it was inaccurate. *Id*. Thus, as currently pleaded, Plaintiff fails to state a claim under the FCRA Section 1681e(b).

In the absence of a claim arising under federal statute or the U.S. Constitution, Plaintiff does not state a claim over which the Court may exercise subject matter jurisdiction. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (explaining that when "federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims").

C. Personal Jurisdiction.

Plaintiff fails to assert a basis for personal jurisdiction over any of the Defendants. Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing state "court's jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id. citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015. Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be established in one of two ways—"general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984). General jurisdiction is properly exercised only when "a

defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056-57 (9th Cir. 2007). Specific jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Id*. at 1057. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Plaintiff pleads no facts pertaining to Defendants Eva G. or Michael Gonzales and, thus, does not establish personal jurisdiction over either of these Defendants. ECF No. 1-1. With respect to Defendant Zane, Plaintiff says only that this entity wrongfully repossessed his car. Plaintiff does not identify, for example, in what state this occurred or whether Zane is a Nevada corporation. With respect to Defendant Bridgecrest, Plaintiff says only that Zane repossessed his vehicle at Bridgecrest's direction. *Id*. There is not a single allegation that would put either of these Defendants on notice that they would be haled into court in the U.S. District Court for the District of Nevada. Thus, as pleaded, Plaintiff fails to state a basis for the Court to exercise personal jurisdiction over any of the Defendants and, for this independent reason, Plaintiff's claims cannot proceed.

**III. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff is granted **one** opportunity to file an amended complaint. The amended complaint must be filed on the Court's form and state a bases for subject matter and personal jurisdiction as explained above. The amended complaint must be complete in and of itself, which means all facts alleged and all defendants to be sued must be clearly identified. Plaintiff must explain what act or inaction each defendant took that violated a right protect by law and/or the basis under which the Court may exercise jurisdiction over that individual.

IT IS FURTHER ORDERED that Plaintiff must file his amended complaint no later than **February 14, 2025**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the form civil complaint for a non-prisoner along with instructions for filing the same.

IT IS FURTHER ORDERED that failure to comply with the time and substance requirements of this Order will result in a recommendation to dismiss this matter without prejudice in its entirety.

Dated this 27th day of January, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE