# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT SMITH II, | |
| Plaintiff, | Case No.: 2:24-cv-01599-GMN-BNW |
| vs. | |
| BRIDGECREST, | |
| Defendant. | |
| ROBERT CHARLES SMITH II, | |
| Plaintiff, | Case No. 2:25-cv-00004-MMD-EJY |
| vs. | |
| BRIDGECREST CREDIT COMPANY, LLC, *et al.*, | **Order Consolidating Related Cases** |
| Defendants. | |

On August 29, 2024, Plaintiff Robert Smith II filed a lawsuit arising out of a purchase contract with Carvana for a 2010 Mercedez Benz. (Case No. 2:24-cv-01599-GMN-BNW). Subsequently, on January 2, 2025, Plaintiff filed another lawsuit also arising out of the purchase contract for the same car. (Case No. 2:25-cv-00004-MMD-EJY). On March 25, 2025, Magistrate Judge Brenda Weksler entered a Report and Recommendation recommending that some of Plaintiff's claims be dismissed with prejudice. (*See* Screening Order, ECF No. 3 in 2:24-cv-01599-GMN-BNW). On March 24, 2024, Magistrate Judge Elayna J. Youchah entered a Report and Recommendation recommending that some of Plaintiff's claims and two of the Defendants be dismissed with prejudice. (*See* Order, ECF No. 10 in 2:25-cv-00004-MMD-EJY). Plaintiff did not

file an objection to either Report and Recommendation.

**I.    Consolidation**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42-1, the Court hereby consolidates *Robert Smith II v. Bridgecrest*, 2:24-cv-01599-GMN-BNW and *Robert Charles Smith II v. Bridgecrest Credit Company LLC, et al.*, 2:25-cv-00004-MMD-EJY.

Fed. R. Civ. P. 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay. The threshold question is whether the cases involve common questions of law or fact. *Id.* If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77, 1131 (2018).

The Court finds that these cases involve similar questions of law and fact. The underlying facts of both cases are the same and a dispute arising out of the same purchase contract between Plaintiff and Carvana for a 2010 Mercedez Benz. Both cases name Bridgecrest as a Defendant. And in both cases, Plaintiff brings Fair Debt Collection Practices Act claims, amongst other similar claims.

These cases are both at an early stage in the litigation, so there is no basis to find that consolidation would cause inconvenience, delay, or expense. Because the Court finds that consolidation is merited and will conserve judicial and litigation resources, it consolidates these cases for all purposes under the earlier-filed action pursuant to Local Rule 42-1(b).

*///*

## II.    Adopting Report and Recommendations

Magistrate Judge Brenda Weksler's Screening Order in Case No. 2:24-cv-01599 allowed the following claims to proceed against Bridgecrest: Conversion and Fair Debt Collection Practices Act ("FDCPA") claims under 15 U.S.C. § 1692g(b), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(8).  It recommends dismissing the following claims with leave to amend: UCC § 9-60; and NRS § 97.299 ("Wrongful Repossession").  Lastly, it recommends dismissing the following claims without leave to amend: 18 U.S.C. § 1341 ("Accounting Fraud"); 18 U.S.C. § 1343 ("Accounting Fraud"); and Breach of Contract.

Magistrate Judge Youchah's Screening Order in Case No. 2:25-cv-00004 allowed the following claims to proceed against Bridgecrest and Zane's Investigations: Conversion and FDCPA claims under 15 U.S.C. § 1692f(6).  It recommends dismissing the Fair Credit Reporting Act claims with leave to amend, and dismissing the following claims without leave to amend: Breach of Contract, Mail Fraud, violations of the Truth in Lending Act, Racketeer Influenced and Corrupt Organizations Act ("RICO"), and 15 U.S.C. § 1692e(8).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing

28 U.S.C. § 636(b)(1)).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's Report and Recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed to either Report and Recommendation, and the deadlines to do so have passed. (*See* Screening Order, ECF No. 3 in 2:24-cv-01599-GMN-BNW) (setting an April 8, 2025, deadline for objections); (*See* Order, ECF No. 10 in 2:25-cv-00004-MMD-EJY) (setting an April 7, 2025, deadline for objections).

Accordingly, the Court adopts Magistrate Judge Weksler's Report and Recommendation, (ECF No. 3 in Case No. 2:24-cv-01599-GMN-BNW), and adopts Magistrate Judge Youchah's Report and Recommendation, (ECF No. 10 in Case No. 2:25-cv-00004-MMD-EJY).

### III.    Instructions for Amended Complaint

Because the cases are now consolidated, the Court orders Plaintiff to file an Amended Complaint in the consolidated case that combines the facts, claims, and Defendants from each of his cases.  The Amended Complaint must be filed by May 14, 2025, and must be filed in Case No. 2:24-cv-01599-GMN-BNW.  Plaintiff is informed that the Court cannot refer to a prior pleading in order to make the Amended Complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in and of itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

///

///

Accordingly,

**IT IS HEREBY ORDERED** that these actions are consolidated for all purposes under Case No. 2:24-cv-01599-GMN-BNW, before District Judge Gloria M. Navarro and Magistrate Judge Brenda N. Weksler.  The parties are directed to make all future filings in Case No. 2:24-cv-01599-GMN-BNW.

**IT IS FURTHER ORDERED** that the Report and Recommendation in Case No. 24-cv-01599-GMN-BNW, (ECF No. 3 in Case No. 2:24-cv-01599-GMN-BNW), is **ACCEPTED AND ADOPTED in full**.

**IT IS FURTHER ORDERED** that the Report and Recommendation in Case No. 25-cv-00004-MMD-EJY, (ECF No. 10 in Case No. 2:25-cv-00004-MMD-EJY), is **ACCEPTED AND ADOPTED in full**.

**IT IS FURTHER ORDERED** that the following claims will proceed:

- Conversion
- FDCPA claims under 15 U.S.C. § 1692g(b), § 1692e(2)(A), § 1692e(8), and § 1692f(6).

**IT IS FURTHER ORDERED** that the following claims are dismissed with leave to amend:

- UCC § 9-60
- NRS § 97.299 ("Wrongful Repossession")
- Fair Credit Reporting Act

**IT IS FURTHER ORDERED** that the following claims are dismissed without leave to amend:

- 18 U.S.C. § 1341 ("Accounting Fraud")
- 8 U.S.C. § 1343 ("Accounting Fraud")
- Breach of Contract
- Mail Fraud

- Truth in Lending Act
- RICO

**IT IS FURTHER ORDERED** that Plaintiff must file an Amended Complaint in Case No. 2:24-cv-01599-GMN-BNW by May 14, 2025.  The Amended Complaint should combine the facts and claims from each of his cases.  It should not assert claims that have already been dismissed without leave to amend, or claims against Defendants that have already been dismissed, but it can assert claims that have been dismissed with leave to amend.

**DATED** this ___22___ day of April, 2025.


Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT


Miranda M. Du, District Judge
UNITED STATES DISTRICT COURT

6